[Civ. No. 7217. Fourth Dist. Feb. 27, 1964.]

C. J. RAMBO et al., Plaintiffs and Respondents, v. IRENE MATTOX, as County Auditor-Controller, etc., Defendant and Appellant.

John E. Marable, District Attorney, and Orlando B. Foote, County Counsel for Defendant and Appellant.

Fred N. Howser, for Plaintiffs and Respondents.

BROWN (Gerald), J.—Irene Mattox, Auditor-Controller of Imperial County (hereinafter called appellant) appeals from an order of the superior court issuing a writ of mandate to compel her to deliver a warrant to C. J. Rambo and John C. Scott, a partnership known as C. J. Rambo & Company, respondents herein, in order that they be paid for services rendered.

By written contract for agreed compensation the county grand jury hired respondents to audit the accounts, records and financial transactions of the Sheriff-Coroner of Imperial County. The contract was approved by a judge of the superior court and the district attorney. Upon completion of the audit respondents submitted a verified claim for services, approved by the foreman of the grand jury and approved as to legality by the district attorney, to the same judge, who signed a court order recognizing the legality and

justness of the claim and directing the county auditor, appellant, to draw a warrant for the amount due and the county treasurer to pay it. This order was presented to appellant, who refused to issue the warrant. Mandamus was then brought against appellant to compel her to do so. The board of supervisors appropriated the funds with which the claim could be paid.

The appellant contends in substance that the court order concerning payment is void in that: (1) Neither the court nor judge had jurisdiction over the matter for the reason that no pleading or action was filed in connection therewith, and that (2) No minutes or entry was made of the order in official records of the county. This contention is without merit.

The validity of respondents' claim rests solely upon compliance with statutory requirements concerning the grand jury. The grand jury must annually examine the accounts and records of all county officers. (Pen. Code, § 925.) If in the judgment of the grand jury the services of an expert are necessary to conduct the examination, such expert may be employed, at an agreed compensation, to be first approved by the court. (Pen. Code, § 926.)

Penal Code section 931 provides:

"All expenses of the grand jurors incurred under this article shall be paid by the treasurer of the county out of the general fund of the county upon warrants drawn, by the county auditor upon the written order of the judge of the superior court of the county."

(See also Gov. Code, §§ 29803 and 29804.)

There has been complete compliance with the statutes, and nothing further remains except for appellant to carry out the simple ministerial duty of issuing and delivering the warrant to respondents.

Order affirmed.

Griffin, P. J., and Coughlin, J., concurred.